Case 1:18-cv-00091-45 Document 1-45 Filed 03/27/19 Filed 03/26/19 Page 27 of 10 15:27
Desc   Main Document          Page     1 of 10

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 MAR 26 PM 2:58

CLERK
BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

KATHARINE ROBERTS, )
)
Appellant, )
)
v. ) Case No. 2:18-cv-00091
)
MARK ROBERTS, )
)
Appellee. )

**OPINION AND ORDER
DENYING APPELLEE'S MOTION TO DISMISS,
AFFIRMING THE BANKRUPTCY COURT'S MAY 17, 2018 ORDER ON
APPELLANT'S MOTION TO RECONSIDER, AND
DENYING APPELLANT'S APPEAL**
(Docs. 1, 17)

On June 1, 2018, Appellant Katharine Roberts filed a notice of appeal challenging the bankruptcy court's May 17, 2018 denial of her motion for reconsideration. (Doc. 1.) Appellee Mark Roberts filed a motion to dismiss the appeal on September 24, 2018. (Doc. 17.) Appellant opposes the motion. The court heard oral argument on the motion to dismiss on January 22, 2019, and thereafter took it under advisement.

Appellant raises the following issues on appeal: (1) whether the bankruptcy court has jurisdiction over the property of the bankruptcy and marital estate; (2) whether a stipulation with regard to relief from the automatic stay confers federal court jurisdiction over core proceedings as a matter of law or, if this is not a core proceeding, whether the parties consented to federal court jurisdiction over the marital property division; (3) whether the bankruptcy court's February 6, 2018 Order on Appellant's amended motion for emergency relief failed to enforce the protection afforded by the automatic stay; (4) whether the U.S. Bankruptcy Trustee can directly rule on the division of property which was unassigned or improperly divided by the Vermont Superior Court; (5) whether an order of the bankruptcy court can prohibit an appeal of the U.S.

Bankruptcy Trustee's determination; and (6) whether Appellee's removal of contested property from the marital estate violated the automatic stay.

Appellant is self-represented. Appellee is represented by Donald F. Hayes, Esq.

I. **Factual and Procedural Background.**

On July 12, 2014, Appellant filed a Complaint for divorce in the State of Vermont Superior Court seeking a divorce from Appellee. On August 5, 2014, Appellant filed for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code in the District of Vermont (the "bankruptcy case"). Pursuant to 11 U.S.C. § 362(a)(1), Appellant's bankruptcy petition operated as a stay of all judicial proceedings against Appellant. Appellee filed a notice of appearance in the bankruptcy case to ensure notice of the bankruptcy court's treatment of any marital property.

On December 9, 2014, the bankruptcy court approved Appellant's Chapter 13 bankruptcy plan. On September 4, 2014, the parties reached a stipulation to permit the continuation of their divorce proceedings, including the division of their marital property in the Vermont Superior Court. The bankruptcy court approved the parties' stipulation on May 7, 2015, ruling that:

> to the extent the Parties agree on any division of property as may affect the Debtor or the Debtor's Bankruptcy Estate, any determination or division of the Debtor's interest in property will be subject to submission to this Court for approval prior to submission and order of the Family Court. The parties shall consult with the Chapter 13 Trustee in discerning whether the division of property affects the bankruptcy estate.

(Doc. 6-3 at 2.) In their divorce, the parties were unable to reach an agreement regarding the division of their marital property and therefore proceeded to a contested hearing. On February 22, 2016, after a contested hearing, the Vermont Superior Court issued a final order and decree of divorce which, among other things, divided and distributed the marital estate.

On August 5, 2016, Appellant's counsel filed the Vermont Superior Court's divorce decree in the bankruptcy court "for approval" and submitted a proposed "Order and Motion for Approval of Continuation of Divorce Proceedings in Family Court

Including the Division of Property to be Heard on Appeal[.]" (Doc. 8-15 at 1) (capitalization omitted). The bankruptcy court held a hearing on August 17, 2016, to clarify the nature of the relief Appellant requested. Following the hearing, the bankruptcy court, still unclear what relief was sought, granted the parties' joint request for additional time to file a revised proposed order. A revised proposed order was not filed.

On November 4, 2016, the Vermont Supreme Court affirmed the Vermont Superior Court's decree of divorce and division of the parties' marital estate. Appellant filed a motion under Vt. R. Civ. P. 60(b) in the Vermont Superior Court which was denied. Thereafter, Appellant appealed the denial of her Rule 60(b) motion to the Vermont Supreme Court.

On March 28, 2017, Appellant filed an emergency motion in the bankruptcy court seeking clarification with regard to the scope of the automatic stay as it pertained to the parties' marital estate. The bankruptcy court denied this request, explaining that in doing so, Appellant "failed to specify whether she was seeking clarification of this Court's comments on the record at the August 17th hearing, the scope of this Court's order granting limited relief from stay, or one or both of the state courts' decisions." (Doc. 8-21 at 3.) The bankruptcy court determined that "the Debtor's motion for clarification is properly characterized as a motion to clarify the Order granting limited relief from stay . . . and that any determination related to review of the Family Court's division of property would be premature as there are motions pending in that matter." *Id.* at 4.

On October 11, 2017, Appellant, proceeding on a self-represented basis, filed an "Emergency Motion Requesting Relief from Final Order and Decree Dated February 22, 2016 in Vermont Superior Court, Lamoille Unit, Family Division" wherein she represented that the Vermont Supreme Court had denied her appeal and there were no pending matters in the Vermont Superior Court. (Doc. 8-22 at 1) (capitalization omitted). She requested that the bankruptcy court "[v]oid the Final Order and Decree as it does not comply with the Order of [the] US Bankruptcy Court District of Vermont dated May 7, 2015, and contains provisions which conflict with [the] US Bankruptcy Code." *Id.* at 3,

3

¶ 16. Appellee opposed this motion. Thereafter, Appellant filed an amended emergency motion requesting relief from the Vermont Superior Court's Order seeking "de novo review of testimony and evidence presented in order to reach a final Decree and Property settlement which can be entered into the Vermont Superior Court records." (Doc. 8-26 at 3.)

On February 2, 2018, the bankruptcy court held a hearing on the emergency motions, ruled on the record, and memorialized its rulings in an Order dated February 6, 2018:

> THE COURT FINDS that it lacks authority (1) to void the state court final order (whether that reference is to the order issued by the Lamoille Unit of the Superior Court or the Vermont Supreme Court), and (2) to conduct a *de novo* review of the testimony and evidence considered by the state courts in entering those orders, under the Rooker Feldman Doctrine, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (holding no federal court, other than the U.S. Supreme Court, may sit in direct review of state court decisions unless Congress has specifically authorized such relief).
>
> THE COURT FURTHER FINDS it needs more information in order to address the personal property issues the Debtor has raised.
>
> Based upon the record in this case and the issues raised in the Motion, IT IS HEREBY ORDERED that
>
> 1. the Debtor's request that this Court void, *in toto*, any of the state court orders entered in her divorce proceeding after relief from stay was granted, is denied; and
>
> 2. the Debtor's request that this Court engage in a *de novo* review of all testimony and evidence presented in connection with any of the state court orders entered in her divorce proceeding after relief from stay was granted, is denied.
>
> IT IS FURTHER ORDERED that
>
> 3. The Debtor's request that this Court void specific provisions of the state court orders that violate either the automatic stay or the permanent injunction of the Bankruptcy Code is granted, and in particular (and with the consent of Mr. Roberts, *see* doc. # 91), the following language in paragraph 7 of the Final Order and Decree, entered by the Superior Court, Lamoille Unit, on February 22, 2016 (doc. # 47, Ex. 2), is hereby declared to be in violation of the discharge injunction and therefore void:

4

> If there is any foreclosure proceeding on the Hyde Park home, based on the current/existing mortgage, which results in any deficiency judgment, then as between the parties they shall each be responsible for 50% of the amount thereof, and shall repay or reimburse the other up to 50% of the amount(s) actually paid to or collected by mortgagee (or its assignee) enforcing said judgment.

IT IS FURTHER ORDERED that, pursuant to the agreement the parties reached, and put on the record, on February 2, 2018,

4. Mr. Roberts shall return the salamander heater to the Debtor within one week of the Debtor's request for return at a specific date, time and location; and the Debtor's request for return of the chainsaw is denied as Mr. Roberts affirmed he no longer has that item.

IT IS FURTHER ORDERED that

5. By February 16, 2018, the Debtor shall provide to Mr. Roberts'[s] attorney, and the case trustee, a list of all of the personal property she (a) claims Mr. Roberts removed without either her or the trustee's consent, (b) believes was property of the bankruptcy estate at the time he removed it, (c) was not offset by other personal property she received from him, and (d) she asserts was not authorized by the Family Court order; and

6. if the Debtor and Mr. Roberts are unable to resolve any dispute regarding such personal property, they will seek the input and assistance of the chapter 13 trustee with respect to whether the personal property in question was property of the bankruptcy estate and of a sufficient value for him to pursue recovery of it,

7. within 1 week of the conclusion of those discussions, the trustee shall file a statement setting out a list of personal property to which he believes he or the bankruptcy estate has a justiciable claim and those to which it does not, and

8. if the trustee fails to file this statement, or Mr. Roberts fails to timely return any such personal property the trustee asserts to be property of the bankruptcy estate, then the Debtor may request a hearing on that aspect of this Amended Emergency Motion.

(Doc. 8-30 at 3-4) (footnotes and emphasis omitted).[1]

On April 3, 2018, Appellant filed a motion to expand the bankruptcy court's Order on her amended motion for emergency relief dated February 2, 2018. This motion was

---

[1] At the January 22, 2019 hearing, Appellant agreed that she failed to timely appeal the bankruptcy court's February 6, 2018 Order.

5

treated as a motion to reconsider, which Appellee opposed. On May 16, 2018, the Vermont Supreme Court denied Appellant's Rule 60(b) motion requesting the court reopen the parties' divorce decree. On May 17, 2018, the bankruptcy court canceled the hearing on the motion to reconsider and denied Appellant's motion stating:

> The Court has considered all of the Debtor's arguments in the context of this case, and takes into account the entire record before it, as well as the May 16, 2018 Order of the Vermont Superior Court, Lamoille Family Division, which denies the Debtor's Rule 60(b) motion (filed in this case as doc. # 108). For the reasons set forth in the Opposition filed by the Debtor's ex-husband (doc. # 106), the rationale of this Court's earlier Order Denying Emergency Relief (doc. # 96), and the state court's recent ruling (doc. # 108), IT IS HEREBY ORDERED that the Debtor's "Motion to Expand Court Order on Debtor's Amended Motion for Emergency Relief Dated February 2, 2018" (doc. # 101) is DENIED.

(Doc. 8-41 at 2.)

On June 1, 2018, Appellant filed the instant appeal. Appellee filed a motion to dismiss, asserting that: (1) the notice of appeal insofar as it relates to the May 17, 2018 Order on the motion to reconsider is untimely; and (2) the appeal is an improper appeal from an interlocutory order.

## II. Conclusions of Law and Analysis.

28 U.S.C. § 158(a) provides in relevant part:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees[,] . . . and with leave of the court, from other interlocutory orders and decrees[,] of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

*Id.* at § 158(a)(1), (3) (footnote omitted); *see In re Chateaugay Corp.*, 120 B.R. 707, 710 (S.D.N.Y. 1990) (quoting 28 U.S.C. § 158(a)). "An appeal [from a final judgment] . . . shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2).

> Appellants may toll the Rule 8002 appeal deadline by filing one of four motions within fourteen days after the judgment is entered: (1) a motion to amend pursuant to Bankruptcy Rule 7052; (2) a motion to alter or amend the judgment under Bankruptcy Rule 9023; (3) a motion for a new trial

6

> under Bankruptcy Rule 9023; or[] . . . (4) a motion for relief under
> Bankruptcy Rule 9024—that is, Federal Rule of Civil Procedure 60(b).

*In re Budd*, 589 B.R. 1, 3 (D.D.C. 2018).

> In cases where an appellant can demonstrate excusable neglect, . . . Rule
> 8002(d)(1) requires the appellant to file a motion for an extension of time
> within thirty-five days of the Bankruptcy Court's order. *See* Fed. R. Bankr.
> P. 8002(d)(1) (comprised of the 14 days for filing an appeal pursuant to
> Rule 8002(a)(1) plus the 21 days thereafter for filing a motion to enlarge
> time based on excusable neglect).

*Id.* at 5.

### A. Whether the Court has Jurisdiction to Hear an Appeal of the Bankruptcy Court's May 18, 2018 Order on the Motion to Reconsider.

Appellant seeks to challenge the bankruptcy court's May 17, 2018 Order denying her motion to reconsider. Appellee asserts the appeal must be dismissed because it is untimely.

Under Fed. R. Bankr. P. 8002(a), Appellant had fourteen days to appeal the bankruptcy court's Order denying her motion to reconsider. Her notice of appeal was thus required to be filed on or before May 31, 2018. Local Bankruptcy Rule 1002-1(b) permits e-mail filings but states that "[a] document submitted for filing via e-mail shall be considered filed as of the date and time the Clerk's Office enters it into CM/ECF, not as of the time the filer sent the e[-]mail or the Clerk's Office received it." Appellant e-mailed her filing at 4:00 p.m. on May 31, 2018, and it was docketed on June 1, 2018.

In *In re Soundview Elite Ltd.*, the district court noted it could construe the appeal of self-represented appellants filed one day late as a request for a one-day extension if they were able to demonstrate excusable neglect, provided the "request" was made within the time period set forth in Rule 8002(d)(1)(B). 512 B.R. 155, 158 (S.D.N.Y. 2014) ("Although Appellants did not explicitly request an extension, their intent to file notice was clear and, applying the standard that is appropriate for pro se litigants, a request for an extension may be implied from these facts."); *c.f. Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (noting, in a self-represented habeas corpus case, that "a district court is

7

empowered, and in some instances may be required" to treat a motion "nominally seeking an extension of time[] . . . as a substantive motion for relief").

Prior to the instant appeal, Appellant represents that she had filed motions via e-mail and they had always been docketed on the same the day. Appellee articulated no prejudice he would suffer if Appellant was granted a one-day extension. Because there is no "danger of prejudice to the [non-movant,]" the amount of delay was minimal, and Appellant "acted in good faith[,]" the court finds Appellant's untimely appeal was caused by excusable neglect. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (internal quotation marks omitted).

The court *nunc pro tunc* GRANTS a one-day extension to file a notice of appeal from the May 17, 2018 Order.

### B. Whether Plaintiff's Appeal Should be Dismissed Because it is an Improper Interlocutory Appeal.

The district court has jurisdiction to hear an appeal from a bankruptcy court as a matter of right from a judgment, order, or decree under Rule 8003. "To be appealable under the statute, the bankruptcy court's order must be 'final.'" *In re Chateaugay Corp.*, 120 B.R. at 710. "[N]ot every order of a bankruptcy court is appealable as a final order- only those orders that finally dispose of *discrete disputes within the larger case* satisfy the test." *In re Chateaugay Corp.*, 880 F.2d 1509, 1511 (2d Cir. 1989) (internal quotation marks omitted). "[A] 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." *In re Fugazy Express, Inc.*, 982 F.2d 769, 775-76 (2d Cir. 1992). Leave to file an appeal may be granted from orders that are not final in limited circumstances. In that event, "a party must file with the bankruptcy clerk a notice of appeal as prescribed by 8003(a)" and the notice must "be accompanied by a motion for leave to appeal[.]" Fed. R. Bankr. P. 8004(a), (a)(2). Under Rule 8004(d):

> If an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court . . . may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it.

8

Appellee asserts this is an improper interlocutory appeal and Appellant failed to obtain the bankruptcy court's leave to appeal. On that basis, he argues that this court lacks subject matter jurisdiction. He acknowledges that this court is empowered to order that a motion for leave be filed.

A motion for reconsideration is not a final order because it does not "finally dispose of discrete disputes" but rather provides an opportunity for the court to reconsider the order which did so. *In re Chateaugay Corp.*, 880 F.2d at 1511 (internal quotation marks and emphasis omitted). At the time the bankruptcy court issued its May 17, 2018 Order on the motion to reconsider, there were no discrete disputes left for it to adjudicate. The court need not determine whether this was a final order because it treats Appellant's appeal as a motion for leave to file an interlocutory appeal and grants leave to appeal pursuant to Fed. R. Bankr. P. 8004(d). Appellee's motion to dismiss is therefore DENIED.

### C. Whether the Bankruptcy Court Abused its Discretion in Denying Appellant's Motion to Reconsider.

On appeal, this court does not reach the merits of the underlying order and reviews the bankruptcy court's denial of reconsideration only for an abuse of discretion. *See In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012) ("A bankruptcy court's denial of a motion to reconsider a disallowed claim is a discretionary decision, reviewed under the familiar and deferential abuse-of-discretion standard."); *Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 198 (2d Cir. 2006) ("[B]ecause the Goodspeeds' notice of appeal entered on July 20, 2005 is only timely with respect to the district court's denial of their motion for reconsideration entered on June 27, 2005, we only have jurisdiction to review that ruling."); *see also Coe v. RJM, LLC*, 372 F. App'x 188, 189 (2d Cir. 2010) ("Because Appellant's appeal to the district court concerned the bankruptcy court's orders denying her motions for reconsideration, this Court reviews each of those decisions for abuse of discretion."); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) ("[D]istrict court rulings on Rule 60(b) motions [are reviewed] for abuse of discretion."). Appellant asserts that the bankruptcy court erred by

9

failing to void the entirety of the Vermont Superior Court's property division in the parties' divorce case which Appellant claims violated the automatic stay.

In its May 17, 2018 Order denying Appellant's motion to reconsider, the bankruptcy court considered Appellant's arguments and provided Appellant with an opportunity to submit a list of the personal property she claimed Appellee had improperly removed from the bankruptcy estate. Appellant failed to do so. Against this backdrop, the bankruptcy court did not abuse its discretion in denying Appellant's motion to reconsider. The bankruptcy court's May 17, 2018 Order is therefore AFFIRMED.

To the extent Appellant seeks review of the Vermont Superior Court's orders or the Vermont Supreme Court's decisions, this court is unable to review or revise those orders under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The *Rooker-Feldman* doctrine[] . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* Appellant's divorce proceeded in the State of Vermont's judicial system where it has been finalized. This court thus has no power to disturb that final judgment or any of the state court orders that proceeded it. *See Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments.").

## CONCLUSION

For the foregoing reasons, Appellee's motion to dismiss the appeal is DENIED, (Doc. 17), the bankruptcy court's May 17, 2018 Order denying Appellant's motion to reconsider is AFFIRMED, and Appellant's appeal is DENIED (Doc. 1).
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 26th day of March, 2019.

Christina Reiss, District Judge
United States District Court